# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>vs.<br><br>ABS MANAGER, LLC and GEORGE CHARLES CODY PRICE,<br><br>    Defendants,<br><br>ABS FUND, LLC [ARIZONA]; ABS FUND, LLC [CALIFORNIA]; CAPITAL ACCESS, LLC; CAVAN PRIVATE EQUITY HOLDINGS, LLC; and LUCKY STAR EVENTS, LLC;<br><br>    Relief Defendants. | CASE NO. 13cv319-GPC(JMA)<br><br>**ORDER DENYING PETER C. KERN'S MOTION TO INTERVENE**<br><br>[Dkt. No. 38] |

    In its complaint, the Securities and Exchange Commission ("Plaintiff") alleges that the defendants, including ABS Manager, LLC and George Charles Cody Price ("Defendants"), committed five counts of fraud involving investment of approximately $18.8 million over three years. (Dkt. No. 1.) The fraud was allegedly perpetrated by Defendant Charles Cody Price ("Price"). (Id. at 1.)

    Before the Court is non-party Peter C. Kern's ("Kern") motion to intervene.

(Dkt. No. 38-1 at 2.) No defendant has opposed Kern's Motion. Plaintiff, however, has filed an opposition to Kern's Motion, (Dkt. No. 41), and Kern has filed a reply (Dkt. No. 44.) For the following reasons, the Court **DENIES** Kern's motion to intervene in the proceedings.

## BACKGROUND

On February 8, 2013, Plaintiff filed a Complaint for Violations of the Federal Securities Laws. (Dkt. No. 1 at 1.) In the complaint, Plaintiff makes five separate claims for relief, alleging that Defendants have violated sections of the Investment Advisers Act of 1940 ("Advisers Act"), the Securities Act of 1933 ("Securities Act"), and the Securities Exchange Act of 1934 ("Exchange Act"). (Id. at 13-16.)

Plaintiff alleges that Defendants invested approximately $18.8 million from about 35 investors in a particularly risky type of "collateralized mortgage obligation" ("CMO") known as "Interest Only" ("IO") CMOs. (Id. at 2.) From 2009 onward, Plaintiff alleges that Defendants fraudulently misrepresented the nature of the investments in IO CMOs as "very safe," "very secure," and as "government bonds." (Id.) In addition to fraudulent and false representations of the investments, Plaintiff also alleges that Defendants assessed management fees on the fund of approximately "a half million dollars. (Id. at 2-3.) Management fees were only required if the returns on the investments exceeded 12.5% or 18%, depending on the fund. (Id. at 2.) According to Plaintiff, the returns on the investments never exceeded 12.5% or 18% respectively, thus the assessed management fees were fraudulent. (Id. at 3.) The complaint seeks a temporary restraining order and preliminary injunction to freeze Defendant's assets. (Id. at 17.) Additionally, Plaintiff requests that all fraudulently obtained funds be disgorged, and that Defendant pay associated civil penalties upon the issuance of findings of fact and conclusions of law as judged by the Court. (Id. at 16.)

On March 20, 2013, the Court granted Plaintiff's motion for preliminary injunction and temporary restraining order, partially freezing Defendant's assets.

(Dkt. No. 31 at 1.) On May 16, 2013, Kern filed a motion to intervene in the proceedings. (Dkt. No. 38-1 at 1.) Of the 35 investors that contributed to the $18.8 million that Defendants raised, approximately $8.5 million was invested by Kern. (Id. at 2.) Kern claims that he has a significant interest in the present case, and that neither Plaintiff nor Defendants adequately represent his interests. (Id. at 3.) As a result, Kern is seeking intervention under Federal Rule of Civil Procedure 24 ("Rule 24"). Specifically, he is seeking intervention as of right under Rule 24(a), and alternatively seeking permissive intervention under Rule 24(b). (Id. at 2, 7.) Defendants do not oppose Kern's motion to intervene. (Id. at 2.)

On May 31, 2013, Plaintiff filed an opposition to Kern's motion to intervene. (Dkt. No. 41 at 1.) Plaintiff claims that Kern's intervention is barred by Section 21(g) of the Exchange Act, and thus, Kern's motion to intervene should be dismissed. (Id. at 3.) In the alternative, Plaintiff claims that Kern fails to meet the requirements for either an intervention as a matter of right, or permissive intervention. (Id. at 4-9.)

Kern filed a reply to Plaintiff's opposition on June 7, 2013, rejecting Plaintiff's claims and reasserting his argument in favor of his motion to intervene. (Dkt. No. 44.)

**DISCUSSION**

Kern requests that he be allowed to intervene because he has an unrepresented interest in property that may be impaired by the proceedings of the Court. (Dkt. No. 38-1.) Plaintiff opposes Kern's motion to intervene, claiming that (1) Section 21(g) of the Exchange Act bars intervention without the SEC's consent; (2) Kern does not meet the requirements of intervention as a matter of right; and (3) Kern does not meet the requirements of permissive intervention. (Dkt. No. 41.)

**I.    Intervention in SEC Actions**

Plaintiff argues that Section 21(g) of the Exchange Act bars intervention in SEC actions without SEC consent, which Kern does not have. (Dkt. No. 41 at 3-4.)

Kern argues that intervention is not barred since Section 21(g) only applies to consolidation and coordination, and bears no relevance on motions to intervene. (Dkt. No. 44 at 2.)

Section 21(g) of the Securities Exchange Act of 1934 states:

> . . . no action for equitable relief instituted by the [SEC] pursuant to the securities laws shall be consolidated or coordinated with other actions not brought by the [SEC], even though such other actions may involve common questions of fact, unless such consolidation is consented to by the [SEC].

15 U.S.C. § 78u(g). District courts in the Seventh Circuit and Fourth Circuit have interpreted Section 21(g) to extend beyond consolidation and coordination, barring intervention into actions initiated by the SEC. SEC v. Egan, 821 F. Supp. 1274, 1275 (N.D. Ill. 1993); SEC v. Homa, 2000 WL 1468726, at *2 (N.D. Ill. Sept. 29, 2000); see also SEC v. Qualified Pensions, 1998 WL 29496, at *3 (D.D.C. Jan. 16, 1998). These courts support a broad interpretation of Section 21(g), citing dicta from a Supreme Court decision in stating, "the respondent probably could not have joined in the injunctive action brought by the SEC even had he so desired" and citing Section 21(g). Egan, 821 F. Supp. at 1275; Homa, 2000 WL 1468726, at *2; Qualified Pensions, 1998 WL 29496, at *3 (citing Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 332, (1979)).

The Eighth Circuit and Second Circuit have ruled to the contrary, holding that the statute is limited to its plain language interpretation; consolidation is barred by Section 21(g) but intervention is not. SEC v. Flight Transportation Corp., 699 F.2d 943, 949-50 (8th Cir. 1993); SEC v. Credit Bancorp, Ltd., 194 F.R.D. 457, 466 (S.D.N.Y. 2000).

The Ninth Circuit has yet to rule on this issue directly. One case mentioned in dicta that intervention should possibly have been allowed. SEC v. Lincoln Thrift Ass'n, 577 F.2d 600, 609 (9th Cir. 1978). Another court allowed intervention, while making no mention of Section 21(g). SEC v. Navin, 166 F.R.D. 435, 440

(N.D. Cal. 1995) (citing Flight Transportation Corp., 669 F. 2d at 949-50). A third court discussed the applicability of Section 21(g) to intervention, but left the question unanswered, instead choosing to assess and reject the intervening party's motion on the requirements of intervention as a right and permissive intervention respectively. SEC v. TLC Invs. & Trade Co., 147 F. Supp. 2d 1031, 1039-40 (C.D. Cal. 2001).[1]

In the present case, no specific analysis under Section 21(g) is required. Regardless of the applicability of Section 21(g), Kern's motion fails to satisfy the requirements for intervention under Rule 24(a) and Rule 24(b).

## II.   Intervention as a Matter of Right

Kern argues that he should be allowed to intervene in the current proceedings as a matter of right. (Dkt. No. 38-1 at 2.) Kern's investment represents approximately $8.5 million of the $18.8 million raised by Defendants, establishing "a material and undisputed interest in the property, funds and other assets remaining in the ABS of Capital Access Fund." (Id. at 2-3.) Further, Kern claims that his interests are not being represented by either Plaintiff or Defendant. (Id. at 3.) Defendant stands accused of committing fraud and "may face personal exposure on account of the SEC claims." (Id.) In contrast, Kern is "an innocent third-party investor" who bears no alleged responsibility for fraudulent acts or representations. (Id.) Kern claims that his interests are additionally not represented by Plaintiff because Plaintiff is "seeking disgorgement and imposition of penalties senior to the repayment of investor's investments" that could negatively impact Kern's recovery of money he had previously invested. (Id.)

Plaintiff opposes Kern's motion to intervene on the grounds that he has not satisfied the four requirements of intervention as a matter of right. (Dkt. No. 41 at

---

[1] It is unclear from the opinion whether the court would have barred intervention pursuant to Section 21(g) if the movant had satisfied the requirements of intervention as of right, or permissive intervention. The court explicitly side-steps the circuit-split, instead ruling narrowly that the movant failed to satisfy the requirements for intervention. TLC Invs. & Trade Co., 147 F. Supp. 2d at 1040.

4.) First, Plaintiff claims that Kern's interests are adequately represented. (Id. at 5.) Kern's interest is "in seeing that the maximum dollars are returned to investors, and not disgorged to [Plaintiff] or diminished or eliminated as a result of imposition of fines or penalties as requested by [Plaintiff] in the Complaint." (Dkt. No. 38-1 at 3.) This objective is identical to Defendant's objective since Defendant's answer denies the allegations and offers affirmative defenses against allegations which would result in disgorgement, fines, or penalties. (Dkt. No. 41 at 5.) Second, Plaintiff claims that Kern's motion to intervene is premature. (Id. at 6.) Kern's only objective involves penalties and disgorgement; no related issues are before the court since the action is still in discovery. (Id. at 6-7.) Third, since Kern's stated interests are unrelated to discovery, participating in discovery will not protect Kern's interests. (Id. at 7.) Fourth, Kern's interests are already protected because the securities in which Kern's money was kept have already been liquidated by Morgan Stanley. (Id. at 8.) Having been liquidated, Kern's property is now frozen and protected by the Court's PI Order. (Id.)

In his reply, Kern stated that his motion was timely because it did not violate Rule 24 and that participation in discovery and the trial will determine Kern's appropriate recovery. (Id. at 4.) Kern also argued that liquidation of assets by Morgan Stanley is a question of fact and will be a subject of discovery. (Id. at 3.)

Rule 24(a) regarding intervention as of right provides:

> On timely motion, the court must permit anyone to intervene who: . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties represent that interest.

Fed. R. Civ. P. 24(a). Intervention is permitted as of right when (1) the motion to intervene is timely filed; (2) the intervening party has an interest relating to the property or transaction that is the subject of the action; (3) disposition of the action

may impair or impede the applicant's ability to protect the interest; and (4) the intervening party is not adequately represented by existing parties. TLC Invs. & Trade Co., 147 F. Supp. 2d at 1040-41 (citing Northwest Forest Res. Council v. Glickman, 82 F. 3d 825, 836 (9th Cir. 1996)). Regarding the fourth requirement, the intervening party bears the burden of showing that its interests are not adequately represented by existing parties. Id. at 1043. Additionally, adequacy of representation is determined by a three-factor test:

> (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect.

Arakaki v. Cayetano, 324 F.3d 1078, 1086 (9th Cir. 2003). Failure to satisfy any element precludes the applicant from intervening as of right. League of United Latin Am. Citizens v. Wilson, 131 F. 3d 1297, 1302 (9th Cir. 1997). "Where the party and the proposed intervenor share the same ultimate objective, a presumption of adequacy of representation applies, and the intervenor can rebut that presumption only with a compelling showing to the contrary." Perry v. Proposition 8 Official Proponents, 587 F. 3d 947 (9th Cir. 2009) (internal quotation marks and citation omitted). Lastly, in ruling on a motion to intervene, "a district court is required to accept as true the non-conclusory allegations made in support of [the] intervention motion." Southwest Center for Biological Diversity v. Berg, 268 F.3d 810, 819-20 (9th Cir. 2001).

In the present case, Kern's claim that his interests are not adequately represented by the existing parties is conclusory. Kern has not stated any arguments that the existing parties will undoubtedly not make. Kern states no arguments that Price would be incapable or unwilling to make. Kern indicates no elements necessary to the proceeding that Defendants or Plaintiff would neglect. Price, like Kern, invested his own money in the funds managed by Defendants. (Dkt. No. 25-1

at 3.) In addition, Defendants pray "[t]hat Plaintiff take nothing and obtain no relief by reason of its Complaint." (Dkt. No. 26 at 12.) Defendants prayer is seemingly identical to Kern's goal of preventing fines and disgorgement by Plaintiff, and Kern makes no argument that they differ. Further, Kern states that his interests are unrepresented because Price may face personal exposure, but fails to explain how such personal exposure relates to inadequate representation of his interests.

Kern has failed to put forth a compelling showing that his interests are not adequately represented. He has made no showing that his ultimate objective differs from Defendants, and it is unclear which arguments or elements Kern would make that Price would not in preventing Plaintiff from disgorging funds or assessing penalties against Defendants. Therefore, this Court **DENIES** Kern's motion for intervention as of right.

## III. Permissive Intervention

Plaintiff argues that Kern has failed to meet the criteria for permissive intervention because (1) he does not assert a claim or defense for which he is intervening, and thus has shown no common questions of law or fact with Defendant; (2) his interests are already represented by existing parties; (3) he lacks legal position to intervene because he has not asserted claims or defenses, or sought any recovery; (4) allowing Kern to intervene would open the door for additional interventions, and; (5) Kern shares the same ultimate objective as Defendants and would not "contribute to the development of the underlying factual issues." (Dkt. No. 41 at 9.)

On June 7, 2013, Kern filed a reply to Plaintiff's response, defending his motion for permissive intervention. (Dkt. No. 44.) First, Kern argues he asserted a claim against Defendants as an investor, having contributed approximately $8.5 million to Defendants' fund. (Id. at 2.) The $8.5 million stands to be "adversely and materially impacted" by Plaintiff seeking penalties and disgorgement from Defendants' fund. (Id. at 3.) Second, Kern argues that his interests are separate

from Price because Price faces "personal exposure" as he stands accused of fraud. (Id.) In contrast, Kern is an innocent third-party investor. (Id.) Third, Kern's investment and claim regarding his investment establish sufficient legal position to intervene in the present case. (Id.) Fourth, Kern argues that allowing him to intervene would not open the door to numerous additional interventions. (Id.) The Court has discretion to allow Kern to intervene while disallowing other investors because Kern represents a disproportionately large share of the invested dollars. (Id. at 4.) Lastly, Kern does not share the same ultimate objective with Price because Kern does not stand accused of fraud and has no motivation to avoid personal exposure to allegedly fraudulent activities. (Id. at 3.)

Rule 24(b) regarding permissive intervention provides: "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a *common question of law or fact*." Fed. R. Civ. P. 24(b)(1)(B) (emphasis added). Thus, in order for a common question of law or fact to qualify a third party to intervene, a claim or defense must first be asserted. Id. The court must consider "whether intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Further, the motion to intervene "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). In addition to the requirements of Rule 24, the party seeking to intervene must show an independent basis for federal jurisdiction. TLC Invs. & Trade Co., 147 F. Supp. 2d at 1043 (holding that third parties seeking to intervene in an SEC action showed independent federal jurisdiction when they asserted federal securities claims). "Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention." S. Cal. Edison Co. v. Lynch, 307 F. 3d 794 (9th Cir. 2002).

Here, Kern's statement that he seeks to maximize the dollars that investors receive fails to satisfy Rule 24. Kern states no claim or defense by which he intends

to maximize payments to investors and he has failed to state a specific claim for which he seeks to intervene. See Fed. R. Civ. P. 24(b)-(c). Instead, "Kern simply wishes to attend and participate in the depositions that are to be taken and to be heard by the Court in connection with the disposition of this matter." (Id. at 4.) Since no claim has been presented, the Court cannot determine whether Kern's nonexistent claim shares common questions of law or fact with the main action.[2] Additionally, Kern has failed to show an independent basis for jurisdiction. Unlike the third parties in TLC Invs., Kern asserted no specific claim, and therefore has shown no basis for federal jurisdiction. As with the issue of common questions of law or fact, this Court cannot determine the characteristics of a claim that has not been asserted. Therefore, the Court **DENIES** Kern's motion for permissive intervention.

## **CONCLUSION**

In conclusion, the Court **DENIES** Kern's motion to intervene.

**IT IS SO ORDERED**.

DATED: July 15, 2013

HON. GONZALO P. CURIEL
United States District Judge

---

[2] Plaintiff seeks to establish as a matter of fact that Defendants committed specific actions, and as a matter of law whether those actions violated federal securities laws. (Dkt. No. 1 at 16-18.) Kern seeks to "[see] that the maximum dollars are returned to investors, and not disgorged to [Plaintiff] or diminished or eliminated as a result of imposition of fines as penalties requested by [Plaintiff] in the Complaint." (Dkt. No. 38-1 at 3.) As such, both Kern's and Plaintiff's *goals* share a common question of fact regarding whether Defendants committed specific acts, and a common question of law regarding whether those acts are sufficient to warrant disgorgement, fines, or penalties. However, Rule 24 requires that the intervening party's *claim* share a common question of law or fact with the main action. As such, the commonality of Kern's goals are insufficient to justify permissive intervention.