# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                                  Plaintiff,<br>vs.<br><br>ABS MANAGER, LLC and GEORGE CHARLES CODY PRICE,<br><br>                                Defendants,<br><br>ABS FUND, LLC [ARIZONA]; ABS FUND, LLC [CALIFORNIA]; CAPITAL ACCESS, LLC; CAVAN PRIVATE EQUITY HOLDINGS, LLC; and LUCKY STAR EVENTS, LLC;<br><br>                              Relief Defendants. | CASE NO. 13cv319-GPC(BGS)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>[Dkt. No. 87.] |

     Before the Court is Plaintiff's motion for reconsideration of the Court's order granting Defendants' motion for partial summary judgment on the claims under the Investment Advisers Act. (Dkt. No. 87.) An opposition was filed by Defendants on August 15, 2014. (Dkt. No. 91.) A reply was filed on August 29, 2014. (Dkt. No. 93.) A hearing was held on September 19, 2014. (Dkt. No. 97.) Sam Puathasnanon, Esq. and Lynn Dean, Esq. appeared on behalf of Plaintiff and Mark Chester, Esq. and John Dolkart, Esq. appeared on behalf of Defendants. After a review of the briefs,

supporting documentation, the applicable law, and the parties' arguments, the Court GRANTS Plaintiff's motion for reconsideration.

## Background

On February 8, 2013, Plaintiff Securities and Exchange Commission ("SEC") filed a complaint against Defendants ABS Manager, LLC and George Charles Cody Price, along with an *ex parte* application, without notice, for a temporary restraining order ("TRO") and order freezing assets; appointing a receiver over defendant ABS Manager, LLC and the entities it controls and manages; prohibiting the destruction of documents; granting expedited discovery; and requiring an accounting. (Dkt. Nos. 1, 2.) The SEC also filed an *ex parte* application, without notice, for an order temporarily sealing the entire file until the asset freeze is served. (Dkt. No. 2.) On February 11, 2013, the Court denied Plaintiff's *ex parte* application for TRO and denied Plaintiffs' *ex parte* application to temporarily file entire case under seal. (Dkt. No. 3.) On February 19, 2013, Plaintiff filed a motion for preliminary injunction along with an *ex parte* motion to shorten time for hearing on the motion for preliminary injunction. (Dkt. No. 5.) After briefing by both parties, on February 27, 2013, the Court granted Plaintiffs' *ex parte* motion and set the matter for hearing on March 15, 2013, which was continued to March 19, 2013 after granting the parties' joint motion to continue the hearing date. (Dkt. Nos. 22. 24, 30.) On March 20, 2013, the Court granted Plaintiff's motion for preliminary injunction and for an order partially freezing assets of ABS Manager and the Funds, preserving documents, and requiring an accounting and denying Plaintiff's motion for an order freezing all funds' asset and personal assets and order appointing a receiver. (Dkt. No. 31.) A preliminary injunction order was filed on April 4, 2013. (Dkt. No. 35.)

The complaint alleges violations of sections 206(1) and 206(2) of the Investment Advisers Act of 1940; violations of section 206(4) of the Investment Advisers Act of 1940 and Rule 206(4)-8; violations of section 17(a) of the Securities Act of 1933 ("Securities Act"); violations of section 10(b) of the Securities Exchange Act of 1934

1  ("Exchange Act") and Rule 10b-5; and violations of section 20(a) of the Securities
2  Exchange Act of 1934. (Dkt. No. 1.)

3      On June 11, 2014, the Court denied Plaintiff's motion for summary judgment on
4  all causes of action and granted Defendants' motion for partial summary judgment on
5  the first two causes of action as to the SEC's claims under the Investment Advisers Act
6  of 1940 ("IAA"). (Dkt. No. 81.) The Court granted Defendants' motion holding that
7  an exception applied because Plaintiff failed to establish a genuine issue of material
8  fact that the exception under the Investment Advisers Act did not apply. See 15 U.S.C.
9  § 80b-2(a)(11)(E).

10     On July 9, 2014, Plaintiff filed a motion for reconsideration as to the Court's
11 order granting Defendants' motion for partial summary judgment on the claims under
12 the Investment Advisers Act. (Dkt. No. 87.) Defendants filed an opposition and
13 Plaintiff filed a reply. (Dkt. Nos. 91, 93.)

14 **A.   Legal Standard on Motion for Reconsideration**

15     A district court may reconsider a grant of summary judgment under either
16 Federal Rule of Civil Procedure ("Rule") 59(e) or Rule 60(b). Sch. Dist. No. 1J,
17 Multnomah County, Or. v. AcandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). Plaintiff
18 moves for reconsideration pursuant to Rule 59(e) arguing that the Court "committed
19 clear error or the initial decision was manifestly unjust." See id. at 1263.

20     Federal Rule of Civil Procedure 59(e) provides for the filing of a motion to alter
21 or amend a judgment. Fed. R. Civ. P. 59(e). A motion for reconsideration, under
22 Federal Rule of Civil Procedure 59(e), is "appropriate if the district court (1) is
23 presented with newly discovered evidence; (2) clear error or the initial decision was
24 manifestly unjust, or (3) if there is an intervening change in controlling law." Sch.
25 Dist. No. 1J, Multnomah County, Or., 5 F.3d at 1263; see also Ybarra v. McDaniel, 656
26 F.3d 984, 998 (9th Cir. 2011).

27     In addition, Local Civil Rule 7.1(i)(1) provides that a motion for reconsideration
28 must include an affidavit or certified statement of a party or attorney "setting forth the

material facts and circumstances surrounding each prior application, including inter alia: (1) when and to what judge the application was made, (2) what ruling or decision or order was made thereon, and (3) what new and different facts and circumstances are claimed to exist which did not exist, or were not shown upon such prior application." Local Civ. R. 7.1(i)(1).

The Court has discretion in granting or denying a motion for reconsideration. Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441 (9th Cir. 1991). A motion for reconsideration should not be granted absent highly unusual circumstances. 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). "A motion for reconsideration cannot be used to ask the Court to rethink what the Court has already thought through merely because a party disagrees with the Court's decision. Collins v. D.R. Horton, Inc., 252 F. Supp. 2d 936, 938 (D. Az. 2003) (citing United States v. Rezzonico, 32 F. Supp. 2d 1112, 1116 (D. Az.1998)).

**B.  Causes of Action under the Investment Advisers Act**

Plaintiff argues that the exception Defendants rely on under the IAA does not apply because Defendants provided advisory services and held themselves out to be investment advisers for both private and government-backed investments. Defendants contend that the SEC is rearguing issues on summary judgment without providing any "new" evidence and assert that the exemption applies because they did not provide advisory services to non-agency bonds.

In the Court's order granting Defendants' motion for partial summary judgment, it concluded that Defendants are excluded from the definition of investment adviser because they did not provide advisory services concerning non-agency private bonds.

"Investment advisor" under the Investment Advisers Act includes a "person who, for compensation, engages in the business of advising others, either directly or indirectly . . . as to the advisability of investing in . . . securities. . . ." 15 U.S.C. § 80b–2(a)(11). A person is not an investment adviser when "(E) any person whose advice, analyses, or reports relate to no securities other than securities which are direct

obligations of or obligations guaranteed as to principal or interest by the United States, or securities issued or guaranteed by corporations in which the United States has a direct or indirect interest . . . ." 15 U.S.C. § 80b-2(a)(11)(E).

The key argument in the motion for reconsideration is whether ABS Arizona held one non-agency bond rendering the exception to not apply.

In its motion for reconsideration, Plaintiff presents additional evidence, not submitted before on the motion for summary judgment. Defendants represented to their "due diligence" firm, Mick and Associates,[1] that the non-agency bond was an asset of the ABS Arizona Fund. (Dkt. No. 87-2, Dean Decl., Ex. 1 at 6.) Defendants stated that the bond was an "institutional bond" or "bank bond" and the "bond was purchased from a consulting firm who sold it directly to [Arizona] ABS Fund. This bond was added to the portfolio before ABS Fund had decided to invest only into Agency bonds . . . . The PPM ABS Fund operates under allows of these types of bonds to be placed into the fund. However, they are not the strategy of the fund." (Id.) In response, Defendants admit they created the document which was provided to Mick and Associates, but it was not provided directly to the investors. In addition, Plaintiff provided the account statements of three investors showing the Countrywide bond as part of the investors' portfolio. (Id., Exs. 2-5.)

There was one non-agency bond held by ABS Arizona, the Countrywide bond or CWALT 2005-J10 Class 1A14 with CUSIP No. 12668ABL8, which was an inverse IO bond. (Dkt. No. 71-9, Weiner Decl. ¶¶ 2-5; Exs. 1-2.) The Countrywide bond was purchased by Relief Defendant Cavan Private Equity Holding, LLC in November 2008, prior to the existence of the ABS Arizona Fund's 2009 start up date and it was for personal use and not intended to be purchased for the Fund. (Dkt. No. 76, CSAMF, Ex.

---

[1] Plaintiff argues that it did not raise this evidence in the prior motion for summary judgment because the issue of ownership of the bond was not raised until Defendants filed a reply. Plaintiff alleges that it intended to raise the evidence at the motion hearing on the summary judgment motions but was unable to since the Court, exercising its discretion, ruled without oral argument. Since Defendants presented new evidence and argument in their reply, the Court will consider the additional evidence Plaintiff provides in its motion for reconsideration.

A., Price Decl. ¶¶ 2, 3; see also Ex. 1.) All monies contributed by investors for all new securities were used to purchase Agency CMOs. (Id., Price Decl. ¶ 4.) The non-agency bond was then transferred into ABS Fund Arizona in May 2009 as evidenced from the statements of investors and held until April 2011. The ABS Fund Arizona was first offered in March 2009 and sold units to about 13 or 14 investors for around $2.4 million. (Dkt. No. 64-3, Dean Decl., Ex. 1 at 1.) The report to Mick and Associates reveals that the Countrywide bond was considered an asset of ABS Arizona.

Based on the evidence before the Court, Plaintiff has demonstrated a disputed issue of fact regarding the ownership and management of the non-agency bond asset. There are also unresolved legal issues not briefed by the parties. There is a genuine issue of fact as to how ABS Fund Arizona obtained the Countrywide bond. There are also issues as to the effect of this acquisition and its effect on the other investor's money, and whether Defendants, who would have been exempt under the IAA at the time ABS Arizona was established, can lose its exempt status by the acquisition of the one non-agency bond a couple months later. There is also an issue as to whether it matters that the investors' monies were not used to purchase this bond.

The Court also concluded that there was no advice provided by Defendants as to the non-agency bond. The SEC alleges that Defendants provided advisory services and held themselves out to be investment advisers for private and government-backed investments. The SEC points to the PPM where it informed investors that the fund intended to invest in non-agency bonds, the radio informercial called "The Wealth Weekend Hours" which aired on KFMB Radio in San Diego and offered to perform portfolio reviews for investors, and the fact that ABS Manager applied to be registered as an investment adviser in California. Defendants argue that these do not constitute advice as contemplated under the IAA. They also contend that at least two investors stated that no one from ABS Manager represented themselves as investment advisers. (Dkt. No. 76, Ex. B, Chester Decl., Ex. 3, Nittoli Depo., 120:5-7; Ex. 2, Dewan Depo. at 137:10-12.)

The SEC cites to Abrahamson where the Second Circuit held that the act of "advising" is broader than communicating a recommendation to a client but investment advisers can "advise" their customers by exercising control over what purchases and sales are made with their clients' funds." Abrahamson v. Fleschner, 568 F.2d 862, 871 (2d Cir. 1977). "[P]eople who manage[ ] the funds of others for compensation are 'investment advisers' within the meaning of the statute." Id. at 870; see also S.E.C. v. Haligiannis, 470 F. Supp. 2d 373, 383 (S.D.N.Y. 2007) (same citing Abrahamson). One who "effectively controls" an investment advisory firm and its decisionmaking is an investment advisor within the meaning of the Advisers Act. SEC v. Berger, 244 F. Supp. 2d 180, 193 (S.D.N.Y. 2001).

On the other hand, Plaintiffs cite to a later case of Goldstein v. SEC, 451 F.3d 873 (D.C. Cir. 2006) where the D.C. Circuit held that the SEC could not issue a regulation specifying that hedge fund managers must "count as clients the shareholders, limited partners, members, or beneficiaries . . . of [the] fund" for purposes of the IAA. 451 F.3d 873, 877, 883 (D.C. Cir. 2006). In Goldstein, the court explained that, generally, a hedge fund manager's client is the hedge fund itself, and not the investors in the fund. Id. This is because the manager's fiduciary duties are owed to the fund, whose interests can diverge from those of the fund's investors. Id.

Based on the parties' arguments, the Court concludes there are genuine issues of material fact as to whether Defendants provided advisory services as to non-agency securities. Specifically, there is a genuine issue of material fact as to whether the ABS Funds are investment partnerships with general and limited partners as described in Abrahamson or are hedge funds as described in Goldstein.[2]

On Plaintiff's motion, the Court reconsiders its ruling and concludes that Plaintiff has demonstrated a genuine issue of material fact as to the ownership of the

---

[2]Even Defendants note the disputed fact stating that the "SEC is attempting to equate the Fund with a publicly traded mutual fund that falls under the auspices of the 1940 Investment Company Act, even though the Fund is actually akin to a private unregistered hedge fund." (Dkt. No. 91 at 15.)

Countrywide non-agency bond and a genuine issue of material fact as to whether Defendants were engaged in advisory services to the investors.

## Conclusion

Based on the above, the Court GRANTS Plaintiff's motion for reconsideration and DENIES Defendants' motion for partial summary judgment on the first two causes of action for violations of the Investment Advisers Act.

IT IS SO ORDERED.

DATED: December 17, 2014

HON. GONZALO P. CURIEL
United States District Judge