# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　　　Plaintiff,<br>　vs.<br>ABS MANAGER, LLC and GEORGE CHARLES CODY PRICE,<br><br>　　　　　　　　　　　Defendants,<br>ABS FUND, LLC [ARIZONA]; ABS FUND, LLC [CALIFORNIA]; CAPITAL ACCESS, LLC; CAVAN PRIVATE EQUITY HOLDINGS, LLC; and LUCKY STAR EVENTS, LLC,<br><br>　　　　　　　　　　Relief Defendants. | CASE NO. 13cv319-GPC(BGS)<br><br>**ORDER RE: FINAL JUDGMENT** |

　　　On February 9, 2015, Magistrate Judge Skomal held a mandatory settlement conference and the case settled on the eve of trial. (Dkt. No. 142.) On June 26, 2015, the SEC filed a notice of consent to settlement as to Defendants ABS Manager, LLC and George Charles Cody Price ("Price"). (Dkt. Nos. 149, 150.) On the same day, the SEC submitted two separate proposed Final Judgments as to Defendants George Charles Cody Price and ABS Manager, LLC which seek injunctive and other relief.

　　　"[T]he mere fact that the parties agree that the court should exercise continuing jurisdiction is not binding upon the court." Arata v. Nu Skin Int'l, Inc., 96 F.3d 1265,

1269 (9th Cir. 1996). "According to well established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief." eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006). "The Court has repeatedly held that the basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies." Weinberger v. Romero-Barcelo, 456 U.S. 305, 312 (1982) (citations omitted). Indeed, injunctive relief is an "extraordinary and drastic remedy that is never awarded as of right." Perfect 10, Inc. v. Google, Inc., 653 F.3d 976, 980 (9th Cir. 2011) (internal quotation marks omitted) (citing Munaf v. Geren, 553 U.S. 674, 689-90 (2008)). Moreover, Federal Rule of Civil Procedure 65(d) states that "[e]very order granting an injunction and every restraining order must: (A) state the reasons why it issued; (B) states its terms specifically; and (C) describe in reasonable detail – and not by referring to the complaint or other document–the act or acts restrained or required." Fed. R. Civ. P. 65(d).

      The parties essentially seek a "consent decree" which is a "judgment, has the force of res judicata, and it may be enforced by judicial sanctions, including, . . . citations for contempt." S.E.C. v. Randolph, 736 F.2d 525, 528 (9th Cir. 1984) (citing United States v. City of Miami, 664 F.2d 435, 4349 (5th Cir. 1981)). A consent decree "embodies an agreement of the parties and thus in some respects is contractual in nature. But it is an agreement that the parties desire and expect will be reflected in, and be enforceable as, a judicial decree that is subject to the rules generally applicable to other judgments and decrees." Rufo v. Inmates of the Suffolk County Jail, 502 U.S. 367, 378 (1992) (citing Railway Emp. Dep't, AFL-CIO v. Wright, 364 U.S. 642, 650–51 (1961)). "The parties to a consent decree expect and achieve a continuing basis of jurisdiction to enforce the terms of the resolution of their case in the court entering the order." Smyth ex rel. Smyth v. Rivero, 282 F.3d 168, 280 (4th Cir. 2002). Since a consent decree is entered as an order of the court, the court must examine the terms of the consent degree. Id. More scrutiny is required over a consent decree where

injunctive relief "reaches into the future and has continuing effects." <u>Id.</u> (citation omitted).

Here, the Court concludes that the Final Judgment provides no basis for injunctive relief. Second, the Court has concerns that the Final Judgment is overbroad since it applies not only to the named Defendants ABS Manager, LLC and Price but to "Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them . . ." without providing any basis for injunctive relief as to these parties.

Based on the above, the Court is not prepared to enter the Final Judgment and declines to adopt the Final Judgment as proposed by the parties. On or before **July 15, 2015**, the parties shall submit a revised proposed Final Judgment in compliance with applicable law.

IT IS SO ORDERED.

DATED: June 29, 2015

HON. GONZALO P. CURIEL
United States District Judge

- 3 -                                                                                                  [13-319-GPC(BGS)]