1
2
3
4
5
6
7
8               **UNITED STATES DISTRICT COURT**
9               **SOUTHERN DISTRICT OF CALIFORNIA**
10

| SECURITIES AND EXCHANGE COMMISSION, | Case No. 13 CV 0319 GPC (BGS) |
|---|---|
| Plaintiff, | **FINAL JUDGMENT AS TO DEFENDANT ABS MANAGER, LLC** |
| vs. | |
| ABS MANAGER, LLC and GEORGE CHARLES CODY PRICE, | |
| Defendants, | |
| ABS FUND, LLC [ARIZONA]; ABS FUND, LLC [CALIFORNIA]; CAPITAL ACCESS, LLC; CAVAN PRIVATE EQUITY HOLDINGS, LLC; and LUCKY STAR EVENTS, LLC, | |
| Relief Defendants. | |

## FINAL JUDGMENT AS TO DEFENDANT
## ABS MANAGER, LLC

The Securities and Exchange Commission ("SEC") having filed a Complaint and Defendant ABS Manager, LLC ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VI); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

### I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

### II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all

persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 206 of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. § 80b-6] by use of the mails or means and instrumentalities of interstate commerce:

    (a)    to employ devices, schemes or artifices to defraud clients or prospective clients; or

    (b)    engage in transactions, practices, or courses of business which operate as a fraud or deceit upon clients or prospective clients.

### IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all

persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-8 [17 C.F.R. § 240.206(4)-8] promulgated thereunder by use of the mails or means and instrumentalities of interstate commerce:

    (a)    make untrue statements of a material fact or omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which there were made, not misleading, to any investor or prospective investor in the pooled investment vehicle; or

    (b)    engage in acts, practices, or courses of business that are fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle.

## V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable, jointly and severally with co-Defendant George Charles Cody Price, for disgorgement of $339,900, representing profits gained as alleged in the Complaint, together with prejudgment interest thereon in the amount of $22,748.83.  Defendant is also individually liable for a civil penalty in the amount of $725,000 pursuant to Section 20(d) of the Securities Act, Section 21(d)(3) of the Exchange Act, and Section 209(e) of the Advisers Act.  Defendant shall satisfy these obligations by paying $1,087,648.83 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

          Enterprise Services Center

          Accounts Receivable Branch

          6500 South MacArthur Boulevard

          Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; ABS Manager, LLC as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

      Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

      The SEC may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The SEC shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

      The SEC may propose a plan to distribute the Fund subject to the Court's approval. Pursuant to the provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002, the civil penalty paid by Defendant may be added to and become part of the Fund. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the SEC staff determines that the Fund will not be distributed, the SEC shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

      Regardless of whether any such distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the

deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the SEC's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fund, as the SEC directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

///
///
///
///

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: July 16, 2015

_____
GONZALO P. CURIEL
UNITED STATES DISTRICT JUDGE